**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** _____

ROSE BALESANO,

        Plaintiff,

vs.

THE PINES OF DELRAY
ASSOCIATION, INC.,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ROSE BALESANO, by and through her undersigned counsel, and sues the Defendant, THE PINES OF DELRAY ASSOCIATION, INC., and states as follows:

### I. NATURE OF THE ACTION

1.     This is a civil action brought pursuant to the federal Fair Housing Act [hereafter "FHA"], 42 U.S.C. §§ 3601, *et seq.*, 42 U.S.C. § 1982, and the Florida Fair Housing Act [hereafter "FFHA"], Fla. Stat. §§ 760.20, *et seq.*, for damages and injuries arising from the Defendant, THE PINES OF DELRAY ASSOCIATION INC..'s, unlawful discrimination against Plaintiff ROSE BALESANO, a person with disabilities. THE PINES OF DELRAY ASSOCIATION, INC. violated the FHA and FFHA by refusing to make reasonable accommodations to its rules, polices, practices, and/or services when such an accommodation was necessary to afford the Plaintiff an equal opportunity to use and enjoy her dwelling; and by threatening to take legal action against her if she did not remove her emotional support animal from her home.

## II. JURISDICTION AND VENUE

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 4*2*

*U.S.C.* §§ 3601, *et seq*., and § 3613.

3.      Venue is proper under 28 U.S.C. § 1391(b) because the Defendant is located in this

District, and the events giving rise to the Plaintiff's claims arose in this District.

## III. PARTIES

4.      Plaintiff, ROSE BALESANO [hereafter "BALESANO" and/or "Plaintiff"], is an

individual with a disability that qualifies her for the protections of the FHA and FFHA. Plaintiff

resides at 2400 Black Olive Blvd., Unit 204, Delray Beach, FL 33445.

5.      Defendant, THE PINES OF DELRAY ASSOCIATION, INC. [hereafter "PINES OF

DELRAY" and/or "Defendant"], is a Florida non-profit corporation, organized and operating

pursuant to Chapter 718, Florida Statutes, with its principle place of business and current mailing

address in Palm Beach County at 2451 Black Olive Blvd, Delray Beach, FL 33445, which is

responsible for administering and governing its housing complex pursuant to its Articles of

Incorporation, Declaration of Condominium and By-Laws, and its Rules and Regulations.

6.      The condominium units governed by PINES OF DELRAY are "dwellings" within the

meaning of 42 USC § 3602(b) of the FHA, as well as § 760.22(4) of the FFHA.

7.      PINES OF DELRAY is subject to the anti-discrimination provisions of both the FHA and

FFHA.

## IV. FACTUAL ALLEGATIONS

8.      BALESANO purchased her condominium, located within the PINES OF DELRAY

community, on or about September 1, 2017.

9.      BALESANO suffers from and has a history of suffering from a Generalized Anxiety Disorder that substantially limits one or more of her major life activities. Accordingly, BALESANO has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA and Fla. Stat. § 760.22.

10.     BALESANO relies upon an emotional support animal, a Cocker Spaniel named Tally, to help alleviate her anxiety. The emotional support animal helps moderate BALESANO's mood, ameliorates the symptoms of her anxiety by providing companionship and unconditional love, and otherwise helps to alleviate the effects of BALESANO'S disorder.

11.     In or around June of 2018, BALESANO'S psychiatrist, Dr. Pamela Kurth, opined that it was "clinically indicated and necessary" that BALESANO live with her emotional support animal. Dr. Kurth's June 5, 2018, Opinion Letter [hereafter "Psychiatrist Opinion Letter"] is marked, attached, and incorporated herein as "Exhibit A."

12.     PINES OF DELRAY does not allow dogs.

13.     In September of 2018, BALESANO requested that PINES OF DELRAY accommodate her disability and waive its no-dog restriction so that she could live in her unit with her emotional support animal.

14.     In support of her request, BALESANO provided Dr. Kurth's Psychiatrist Opinion Letter to PINES OF DELRAY. The Psychiatrist Opinion Letter states:

> To whom it may concern;
>
>> This letter was requested by Rose Balesano to support her request to accommodate her emotional support animal.
>> Mrs. Balesano underwent psychiatric evaluation and meets full DSM V criteria for Generalized Anxiety Disorder
>> An important piece of her treatment has been having a dog which serves as an emotional support animal. She has responded very well to treatment and is currently stable in her treatment plan.

> *I feel it is clinically indicated and necessary that her emotional support*
> *animal remains a part of her living arrangement. She meets the criteria*
> *under the American Disabilities Act for this accommodation. Please*
> *contact me directly if you require more information to support Mrs.*
> *Balesano' s request.*

15.     The United States Department of Housing and Urban Development ["HUD"] governs the scope of inquiry a housing provider may legally make regarding a resident's disability and need to reside with an assistance animal. FHEO Notice: FHEO-2013-01, Issued April 25, 2013, Subject: Service Animals and Assistance Animals or People with Disabilities in Housing and HUD-Funded Programs.

16.     Specifically, a housing provider may request a person seeking a reasonable accommodation "to provide documentation from a physician, psychiatrist, social worker, or other mental health professional that the animal provides emotional support that alleviates one or more of the identified symptoms or effects of an existing disability." *Id.*

17.     Such documentation "is sufficient if it establishes that an individual has a disability and that the animal in question will provide some type of disability-related assistance or emotional support." *Id.*

18.     On October 2, 2018, PINES OF DELRAY, through its attorney GUY SHIR, sent BALESANO a letter demanding BALESANO provide information BALESANO already provided as well as extraneous information PINES OF DELRAY BEACH was not legally entitled to nor legally authorized to request including:  her exact medical diagnosis, date of diagnosis, identification of the life activities which had been substantially limited, how -- specifically – an emotional support animal mitigated her disability, why a dog specifically was required, when her dog was first acquired,  the name and contact information for "the doctor who prescribed Tally," as well as the dog's age and size, the number of times BALESANO had been

seen by Dr. Kurth, whether BALESANO was still under Dr. Kurth's care, and whether she sees any other doctor or medical professional for her disability. PINES OF DELRAY's October 2, 2018, Attorney Letter is marked, attached, and incorporated herein as "Exhibit B."

19.     Attorney GUY SHIR was, at all times, PINES OF DELRAY's authorized agent.

20.     Attorney GUY SHIR, at all times, operated with PINES OF DELRAY's authority or apparent authority.

21.     On October 11, 2018, BALESANO provided another letter from her psychiatrist Dr. Kurth which stated:

> *Mrs. Balesano has asked that I provide answers to specific questions in your letter to her from October 2, 2018 requesting additional information.  Please find the additional information regarding her treatment below.*
>
> *1.      Generalized Anxiety Disorder diagnosed October 2011*
> *2.      Symptoms limit ability to sleep well, modulate emotion, calm self and regulate perseveration*
> *3.      The presence of the non threatening animal has proven to provide calmness and stability on a consistent basis in the home that improves above impairments*
> *4.      The dogs' regular presence in patients' life has shown to decrease panic and overall anxiety.*
> *5.      Information to be provided by patient*
> *6.      Information to be provided by patient*
> *7.      Patient was reevaluated individually 05/03/2018 in Connecticut prior to moving to Florida. She will remain in my care until she is able to find a local provider.*

*Please also refer to my original letter from June 5, 2018 and Mrs Balesano's letter regarding her current life circumstances. Her situation has exacerbated her symptoms recently which impacts her disability making it even more crucial her support animal stay in place as part of her treatment and overall well being.*

*I am grateful for your supporting Mrs. Balesano and her family and am happy to provide any additional clinical information to have her needs met.*

*Sincerely,*

*Pamela A. Kurth*

Dr. Kurth's letter is marked, attached, and incorporated herein as "Exhibit C."

22.     On October 12, 2018 PINES OF DELRAY's counsel sent an email yet again seeking more information:

*Good morning Ms. Balesano:*

*I'm an attorney for the Pines of Delray assisting in the review of your application for an emotional support animal. I've received the document prepared by Dr. Kurth on your behalf. The document states that responses to questions #5 and #6 will be provided by the patient; please advise whether and when you will be sending those responses to this office so that your complete application may be reviewed.*

*In addition, please clarify the following information provided by Dr. Kurth:*

*(A) The symptoms of your generalized anxiety disorder limit your ability to, among other things, sleep well. Do you assert that the presence of a dog in your dwelling provides you the ability to sleep when otherwise you would not be able to? Further information on this issue would be very helpful.*

*(B) Why is the presence of a dog, specifically, required as your emotional support animal? Would a cat not provide the same therapeutic effects?*

*Thank you for your patience and participation in this interactive process.*

The PINES OF DELRAY BEACH'S 10/12/2018 Attorney Reply Email is marked, attached, and incorporated herein as "Exhibit D."

23.    Also on October 12 BALESANO replied with the following additional information:

*Dear Mr. Shir and the Community Board,*

*This letter serves as a response to your letter sent to me requesting additional information to make a thoughtful decision based on my request to allow me to keep my emotional support animal on the Pines of Delray premises under the Fair Housing Act.*

*I acquired Tally (a ten year old female Cocker Spaniel weighing 20 Lbs) last January 2018 from a woman whose five dogs are professionally trained and serve as emotional support animals at local hospitals and colleges and also serve at Bugbee Elementary School; where I worked for 18 years before retiring this June.*

*I've seen Dr. Kurth for about 7 years. When my middle son Thomas joined the Marines last year (never to his knowledge) I found myself experiencing symptoms like never before. Fear and worry became unbearable which paralyzed me literally from wanting to work and participate in normal activities including finding a reason to get fresh air and interact with my family and my community.*

*Consulting with Dr. Kurth with ways to cope and alleviate my symptoms, it was decided an emotional support animal would be helpful; distracting me from my inward thinking and giving me constructive purpose and responsibility to care for Tally. This decision to adopt Tally has been a life saver as I would never neglect a living being who needs care and love.*

*I wish I could tell you things went smoothly from there. My son Tommy has since been discharged from the Marines for medical reasons, is living with my husband and I and us being treated for schizophrenia. We also can supply documents stating is discharge and diagnosis. My son is working hard to manage his symptoms and find strategies to break through to have a productive life. We reassure Tommy that although his long term goals seized, he should hold his head up because he raised his hand and made a promise when so many others wouldn't.*

*Tommy and I find comfort in our family which very much includes Tally. Tally is essential to our well being.*

*Most sincerely,*

*Rose Balesano*

Balesano's 10/12/2018 Email is marked, attached, and incorporated herein as "Exhibit E."

24.     On October 12, 2018, PINES OF DELRAY through counsel replied:

*Ms. Balesano:*

*I very much appreciate you taking the time to provide the information contained in your 10/12/2018 email below, which will be considered as part of your application for an ESA accommodation. However, I still require answers to the specific questions I posed before, which are:*

*(A) The symptoms of your generalized anxiety disorder limit your ability to, among other things, sleep well. Do you assert that the presence of a dog in your dwelling provides you the ability to sleep when otherwise you would not be able to?*

*(B) Why is the presence of a dog, specifically, required as your emotional support animal? Would a cat not provide the same therapeutic effects?*

*Finally, in your message below, you appear to suggest that a dog is also requested to serve as your son Tommy's emotional support animal. Is that accurate? And does Tommy live at 2400 Black Olive Blvd #204 as a full-time resident?*

PINES OF DELRAY BEACH'S 10/12/2018 Attorney Reply Email is marked, attached, and incorporated herein as "Exhibit F."

25.     BALESANO confirmed that Tommy was living with her and her husband in their condominium. However, frustrated that her detailed explanation regarding her disability and need for accommodation coupled with the second letter from her psychiatrist was not deemed sufficient, BALESANO also suggested that PINES OF DELRAY directly or through its counsel contact her psychiatrist Dr. Kurth for additional information regarding her condition, BALESANO's October 12, 2018 2018 Email is marked, attached, and incorporated herein as "Exhibit G."

26.     PINES OF DELRAY rejected BALESANO's invitation and deliberately did not, either directly or through its counsel, avail itself of the offer to contact BALESANO's psychiatrist. PINES OF DELRAY's October 12, 2018 Attorney Email is marked, attached, and incorporated herein as "Exhibit H."

27.     Instead, PINES OF DELRAY persisted in reiterating demands for extraneous information it was neither legally entitled to nor legally authorized to request:

*Ms. Balesano,*

*I do not believe your request that I contact Dr. Kurth is reasonable or even logical, because you--the individual requesting an accommodation on the basis of disability--are clearly the person with the most and best knowledge regarding the two (2) very simple questions I asked below. Accordingly, I decline your*

*invitation and instead reiterate my request that you participate in this interactive process to the best of your ability, and answer the following questions:*

*(A) The symptoms of your generalized anxiety disorder limit your ability to, among other things, sleep well. Do you assert that the presence of a dog in your dwelling provides you the ability to sleep when otherwise you would not be able to?*

*(B) Why is the presence of a dog, specifically, required as your emotional support animal? Would a cat not provide the same therapeutic effects?*

*Finally, you declined to respond to my last question re: Tommy. Please advise: is it accurate that you are requesting a dog to serve as your son Tommy's emotional support animal?*

*This need not be a drawn-out process. Please simply answer the questions, and your application will be submitted for final review.*

*Id.*

28.     By letter dated October 15, 2018, PINES OF DELRAY denied BALESANO's request, stating that "the Association has determined that the accommodation you've requested, to wit, the possession of a dog in 2400 Black Olive Blvd., # 204 is unnecessary to afford you and equal opportunity to use and enjoy the pertinent dwelling located in the Association's community." PINES OF DELRAY's 10/15/2018 Denial Letter is marked, attached, and incorporated herein as "Exhibit I."

29.     PINES OF DELRAY's corporate counsel further threatened BALESANO that if she did not remove her emotional support animal from her home in ten days:

*the Association has authorized my office to take further legal action against you, which such action shall include the filing of a Petition for Mandatory Non-*

> *Binding Arbitration with the Division of Florida Condominiums, Timeshares, and Mobile Homes and/or a lawsuit against you in the 15th Judicial Circuit in and for Palm Beach County, Florida. Upon prevailing in such action the Association will seek an award of its attorney's fees and costs against you. However, I am confident that the time and expense of litigation will not be required and that you will comply with the Association's demand.*

*Id.*

30.    Attorney Shir's letter closed by stating that if BALESANO's son should intend to submit an additional accommodation request the Association would refrain from suing her until documentation had been submitted. A second letter also dated October 15, 2018 was simultaneously sent to BALESANO seeking information regarding BALESANO's son Tommy, also well beyond that which the Association would be legally entitled were BALESANO's son actually seeking an accommodation, including "the exact medical diagnosis," unnecessary details regarding Tommy's diagnosis and treatment, and an explanation as to why the presence of a dog specifically was required to mitigate his symptoms. *Id.*

31.    PINES OF DELRAY's demand for extraneous information and threat to take legal action greatly exacerbated BALESANO's anxiety.

32.    On October 24, 2018 BALESANO's attorney sent the following email to counsel for PINES OF DELRAY:

> *Mr. Shir- I have been retained by Rose Balesano to address Delray Pine's constructive and actual denial of her request for accommodation. Going forward all contact regarding this matter is to be directed towards me, not to my client. Delray Pines can demand my client explore alternatives to her requested accommodation only if the accommodation she requested would impose an undue financial and administrative burden on Delray Pines or would fundamentally alter the nature of Delray Pines services. Accommodating her need to live with her dog for emotional support would not do either.*

*She has a generalized anxiety disorder as diagnosed by her physician Dr. Kurth October 2011. Ms. Balesano does not need her dog because of "concern for public safety." As she explained she needs her dog to help ameliorate the symptoms of severe anxiety attacks that impact several major life activities, including working, sleeping, self-care and interacting with others. Ms. Balesano is not required to trade her dog for a cat because YOU are of the opinion that a cat will suit her just as well. Ms. Balesano will continue to treat her anxiety disorder with the guidance of her physician. You are not qualified to prescribe treatment for anxiety or to second guess my client's physician. The fact that Ms. Balesano did not immediately get a dog to help ameliorate the symptoms of her anxiety is wholly irrelevant- your only legal authorized inquiry on behalf of Delray Pines is whether she has a disability or a history of a disability and if the animal in question will provide some type of disability related support.*

*While the dog provides disability related emotional support to both Ms. Balesano and her son, you have been provided reliable evidence of my client's disability, and that the dog's companionship and emotional support assist her in coping with the disability. You were invited to speak with Dr. Kurth and chose not to do so but instead sought extraneous information from my client.*

*If I have not received confirmation that Rose Balesano' s need to live with a dog for emotional support will be accommodated for as long as she is a resident of the Delray Pines community by close of business Friday October 25, 2018 I will initiate a housing discrimination claim on her behalf.*

BALESANO'S 10/24/2018 Attorney Email is marked, attached, and incorporated herein as "Exhibit J."

33.    Working, sleeping, self-care, and interacting with others are all major life activities.

34.     On October 25, 2018, PINES OF DELRAY confirmed receipt of BALESANO's attorney's communication. PINES OF DELRAY'S 10/25/2018 Attorney Receipt Email is marked, attached, and incorporated herein as "Exhibit K."

35.     As of this filing, PINES OF DELRAY has neither granted an accommodation for BALESANO's emotional support animal nor retracted its threat to initiate legal action against BALESANO if her emotional support animal is not removed.

36.     PINES OF DELRAY has been provided credible documentation of BALESANO's disability, and the nexus between the requested accommodation and BALESANO's disability.

37.     PINES OF DELRAY has been provided information sufficient to demonstrate BALESANO has a qualifying disability under the FHA.

38.     PINES OF DELRAY has been provided credible documentation as to whether BALESANO's dog's presence alleviated the effects of her disability.

39.     PINES OF DELRAY chose to disbelieve the information provided and demanded extraneous information to which PINES OF DELRAY was not entitled.

40.     PINES OF DELRAY threatened BALESANO with fines, litigation and attorney's fees if she does not capitulate to the demand that her emotional support animal be removed from her home. As of this filing, PINES OF DELRAY has not rescinded its threat of legal action against BALESANO.

41.     PINES OF DELRAY's failure to modify its policies to accommodate BALESANO's disability is discriminatory and unlawful.

42.     PINES OF DELRAY's actions were, and continue to be, intentional, deliberate, willful and in total and reckless disregard of BALESANO's rights and show total indifference to BALESANO's disabilities.

43.    BALESANO has been injured by PINES OF DELRAY's discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

44.    As a direct and proximate result of PINES OF DELRAY's conduct, BALESANO incurred attorney's fees and has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

45.    BALESANO retained undersigned counsel and is obligated to pay a reasonable fee for their services.

46.    All conditions precedent to the Plaintiff bringing this action have occurred, or the performance of such conditions have been waived by the Defendant.

## COUNT I
## FAILURE TO REASONABLY ACCOMMODATE

47.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-45 as if fully set forth herein.

48.    Plaintiff BALESANO suffers from a Generalized Anxiety Disorder that substantially limit her major life activities.

49.    BALESANO's emotional support animal helps ameliorate the symptoms of her anxiety.

50.    BALESANO has a disability-related need to live with her emotional support animal in order to have equal use and enjoyment of her condominium in PINES OF DELRAY.

51.    BALESANO requested that PINES OF DELRAY waive its pet restrictions so that she may reside with her emotional support animal and benefit from the dog's assistance in coping with the symptoms of her anxiety.

52.    PINES OF DELRAY was provided reliable verification of BALESANO's disabilities and need to live with her emotional support animal.

53.    PINES OF DELRAY was specifically invited to contact Dr. Kurth for additional information regarding BALESANO's disability-related need for her emotional support animal by both Dr. Kurth and by BALESANO, and PINES OF DELRAY flatly refused to do so.

54.    PINES OF DELRAY had actual knowledge of BALESANO's disability and BALESANO's need to live with her dog for disability-related emotional support.

55.    As of the date of this filing, PINES OF DELRAY has refused to grant BALESANO's request for a waiver of PINES OF DELRAY's rule forbidding dogs and instead threatened her with legal action and attorney's fees if she did not remove her emotional support animal.

56.    Accommodating BALESANO's need to reside with her emotional support animal would not result in substantial physical damage to the property of others.

57.    Accommodating BALESANO's need to reside with her emotional support animal would not pose an undue financial and administrative burden on PINES OF DELRAY.

58.    Accommodating BALESANO's need to reside with her emotional support animal would not fundamentally alter the nature of PINES OF DELRAY 's operations.

59.    Accommodating BALESANO's need to reside with her emotional support animal would not pose a direct threat to the health and safety of others.

60.    PINES OF DELRAY's failure to waive its no dog rule to accommodate BALESANO's disability is discriminatory and unlawful.

61.    PINES OF DELRAY's actions and conduct constitute a conscious and reckless disregard for BALESANO's rights and show total indifference to BALESANO's disability.

62.    Through PINES OF DELRAY BEACH's conduct and acts described above, it violated 42 U.S.C. § 3604(f)(3)(B) of the FHA, and § 760.23(9)(b) of the FFHA by refusing to make reasonable accommodations in its rules, policies, practices, or services when such

accommodations are necessary to afford BALESANO an equal opportunity to use and enjoy her dwelling.

63.     The discriminatory conduct of PINES OF DELRAY BEACH was intentional, willful, and taken in total disregard for Plaintiff's rights.

64.     As a direct and proximate result of PINES OF DELRAY BEACH's failure to accommodate, BALESANO has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiff ROSE BALESANO demands judgment against Defendant THE PINES OF DELRAY ASSOCIATION, INC. declaring that the actions of THE PINES OF DELRAY ASSOCIATION, INC. violated the Fair Housing Amendments Act and the Florida Hair Housing Act by discriminating against a person with a disability, and to award Plaintiff compensatory and punitive damages and her attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable. BALESANO also requests injunctive relief as follows:

a. That the Court declare that the actions of Defendant violated the FHA by discriminating against a person with disabilities;

b. That the Court enjoin Defendant from discriminating against BALESANO, or any other resident or potential resident, refusing to waive pet restrictions when necessary to afford the disabled person an equal opportunity to use and enjoy his or her dwelling, and from making such accommodations only conditioned upon providing extraneous information;

c. That Defendant allow BALESANO to reside in her home with her emotional support animal for as long as she is a resident of THE PINES OF DELRAY ASSOCIATION, INC. and allow her equal use and enjoyment of her home, including the public and common areas.

d. That the Court order Defendant to provide a notice to all owners and tenants of THE PINES OF DELRAY ASSOCIATION, INC. of their rights under the FHA, including their right to have accommodations or an assistance animal because of their disability;

e. Any further relief that the Court deems just and proper.


**COUNT II**
**ILLEGAL INTIMIDATION**

65.      Plaintiff re-alleges and incorporates by reference Paragraphs 1-45 as if fully set forth herein.

66.      Even after BALESANO informed PINES OF DELRAY that her dog is an emotional support animal and providing two letters of verification from her psychiatrist, PINES OF DELRAY threatened to sue "and/or" initiate an administrative proceeding against her and force her to pay the Association's attorney's fees if she did not remove her emotional support animal from her home.

67.      PINES OF DELRAY, through its conduct and action described above, violated 42 U.S.C. § 3617 of the FHA and §760.37 of the FFHA by coercing, intimidating, threatening, or interfering with BALESANO in the exercise and enjoyment of her fair housing rights.

68.      The discriminatory conduct of PINES OF DELRAY was intentional, willful, and taken in disregard for Plaintiff's rights.

69.     As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiff ROSE BALESANO demands judgment against Defendant THE PINES OF DELRAY ASSOCIATION, INC. declaring that the actions of THE PINES OF DELRAY ASSOCIATION, INC. violated the Fair Housing Amendments Act and the Florida Hair Housing Act by discriminating against a person with a disability, and to award Plaintiff compensatory and punitive damages and her attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable. BALESANO also requests injunctive relief as follows:

a. That the Court declare that the actions of Defendant violated the FHA by discriminating against a person with disabilities;

b. That the Court enjoin Defendant from discriminating against BALESANO, or any other resident or potential resident, refusing to waive pet restrictions when necessary to afford the disabled person an equal opportunity to use and enjoy his or her dwelling, and from making such accommodations only conditioned upon providing extraneous information;

c. That Defendant allow BALESANO to reside in her home with her emotional support animal for as long as she is a resident of THE PINES OF DELRAY ASSOCIATION, INC. and allow her equal use and enjoyment of her home, including the public and common areas.

d. That the Court order Defendant to provide a notice to all owners and tenants of THE

PINES OF DELRAY ASSOCIATION, INC. of their rights under the FHA, including

their right to have accommodations or an assistance animal because of their disability;

e.  Any further relief that the Court deems just and proper.

## COUNT III
## MAKING A DWELLING UNAVAILABLE BASED UPON DISABILITY

70.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-45 as if fully set forth

herein.

71.     BALESANO requires the ability to live with her emotional support animal in order to

have the same opportunity to enjoy her condominium in the PINES OF DELRAY community as

any non-disabled resident.

72.     PINES OF DELRAY, knowing of BALESANO'S disability-related need to live with her

emotional support animal, nonetheless threatened to sue her to force removal of her emotional

support animal, and/or file a Petition for Non-Binding Arbitration against BALESANO

essentially forcing her to choose between her emotional support animal and her home.

73.     The foregoing conduct and acts of PINES OF DELRAY constitute discrimination against

a person in violation of 42 U.S.C. § 3604(f)(1)(A), FHA, by making a dwelling unavailable

because of a handicap.

74.     As a result of the PINES OF DELRAY's conduct, BALESANO has suffered damages.

75.     The discriminatory conduct and actions of PINES OF DELRAY were intentional, willful,

and taken in blatant disregard for Plaintiff's rights.

        **WHEREFORE**, Plaintiff ROSE BALESANO demands judgment against Defendant

THE PINES OF DELRAY ASSOCIATION, INC. declaring that the actions of THE PINES OF

DELRAY ASSOCIATION, INC. violated the Fair Housing Amendments Act and the Florida Hair Housing Act by discriminating against a person with a disability, and to award Plaintiff compensatory and punitive damages and her attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable. BALESANO also requests injunctive relief as follows:

a. That the Court declare that the actions of Defendant violated the FHA by discriminating against a person with disabilities;

b. That the Court enjoin Defendant from discriminating against BALESANO, or any other resident or potential resident, refusing to waive pet restrictions when necessary to afford the disabled person an equal opportunity to use and enjoy his or her dwelling, and from making such accommodations only conditioned upon providing extraneous information;

c. That Defendant allow BALESANO to reside in her home with her emotional support animal for as long as she is a resident of THE PINES OF DELRAY ASSOCIATION, INC. and allow her equal use and enjoyment of her home, including the public and common areas.

d. That the Court order Defendant to provide a notice to all owners and tenants of THE PINES OF DELRAY ASSOCIATION, INC. of their rights under the FHA, including their right to have accommodations or an assistance animal because of their disability;

e. Any further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 5th day of December 2018.

207 SE Tuscawilla Road                      931 Village Boulevard, #905-322
Micanopy, FL 32667                          West Palm Beach, FL 33409
Telephone: (352) 224-5699                   office: (561) 596-6329
Facsimile: (888) 400-1464                   email: dvenza@venzalawpllc.com
marcy@floridaanimallawyer.com

BY: _s/ Marcy I. LaHart_                     BY: _s/Denese Venza_
Marcy I. LaHart, Esq.                       Denese Venza, Esq.
Florida Bar No. 0967009                     Florida Bar No. 599220
Counsel for Plaintiffs                      Counsel for Plaintiffs